**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAYLOR PETTIT, Individually and as Administrator of the ESTATE OF KENNETH PETTIT, <br><br> Plaintiffs, <br><br> v. <br><br> CHESTER COUNTY, ET AL., <br><br> Defendants. | : <br> : <br> : Docket No.: 2:23-cv-03884 <br> : <br> : <br> : **JURY TRIAL DEMANDED** <br> : <br> : <br> : <br> : <br> : |

# O R D E R

**AND NOW**, this _____ day of _____ 2025, upon consideration of Plaintiff's Motion for Leave to Seal Certain Exhibits which were part of stipulated confidentiality agreements between all parties, Plaintiff's Motion is hereby **GRANTED**. Plaintiff is granted leave to file exhibits under seal.

By the Court:

_____
Mitchell S. Goldberg
United States District Court Judge

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAYLOR PETTIT, Individually and as Administrator of the ESTATE OF KENNETH PETTIT, <br><br> Plaintiffs, <br><br> v. <br><br> CHESTER COUNTY, ET AL., <br><br> Defendants. | : <br> : <br> :   Docket No.: 2:23-cv-03884 <br> : <br> : <br> :   **JURY TRIAL DEMANDED** <br> : <br> : <br> : <br> : <br> : |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL

Plaintiff by and through her attorneys, hereby moves this Court for leave to file Exhibits Under Seal to Plaintiff's Opposition to the Motions for Summary Judgment filed by the County Defendants and PrimeCare Defendants, and in support thereof, states as follows:

### BACKGROUND

1. On October 5, 2023, Plaintiff filed a 24-page, 103-paragraph Complaint against Chester County, several of its correctional officer staff, PrimeCare Medical, and several of its medical providers. Plaintiff brought claims under the Fourteenth Amendment, *Monell*, and common law negligence, seeking wrongful death and survival action damages stemming from her son's suicide.

2. During the discovery process, the parties entered into agreements to designate certain produced information as confidential, memorialized in a Confidentiality Agreement dated on or about August 31, 2023 (with Chester County) and on or about July 11, 2024 (with

PrimeCare).   See Exhibits "A" and "B", respectively.

3. Both the County Defendants and the PrimeCare Defendants filed motions for summary judgment, seeking to dismiss most if not all of the claims against them.

4. On May 9, 2025, Plaintiff will be filing her Opposition to the Motions for Summary Judgment, which contain several documents which were marked confidential and as such these documents need to remain confidential per the parties' Confidentiality Agreements.

5. Plaintiff has conferred with counsel for the Chester County Defendants and PrimeCare Defendants and both counsel consented to this motion.   In fact, the Chester County Defendants have already filed a similar motion.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court grant her leave to File Exhibits Under Seal.

>                         EISENBERG, ROTHWEILER,
>                         WINKLER, EISENBERG & JECK, PC.
>
>
>               By:       s/Jordan Schlossberg
>                         NANCY J. WINKLER, ESQUIRE
>                         TODD A. SCHOENHAUS, ESQUIRE
>                         JORDAN SCHLOSSBERG
>                         1634 Spruce Street
>                         Philadelphia, PA 19103
>                         (215) 546-6636
>                         (215) 546-3641 fax
>                         Attorneys for Plaintiff

Date:   May 8, 2025

## CERTIFICATE OF SERVICE

    I, Jordan Schlossberg, attorney for the within named Plaintiff, hereby certify and state a true and correct copy of Plaintiff's Motion for Leave to Seal Exhibits was sent via electronic filing to all counsel of record.

                                              EISENBERG, ROTHWEILER,
                                              WINKLER, EISENBERG & JECK, PC.

                          By:     s/Jordan Schlossberg
                                  NANCY J. WINKLER, ESQUIRE
                                  TODD A. SCHOENHAUS, ESQUIRE
                                  JORDAN SCHLOSSBERG
                                  1634 Spruce Street
                                  Philadelphia, PA 19103
                                  (215) 546-6636
                                  (215) 546-3641 fax
                                  Attorneys for Plaintiff

Date:  May 8, 2025

# EXHIBIT "A"

| | | |
|---|---|---|
| TAYLOR PETTIT AS ADMINISTRATOR | : | COURT OF COMMON PLEAS |
| of the ESTATE OF KENNETH PETTIT, | : | CHESTER COUNTY, PA |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 2023-04586-TT |
| v. | : | |
| | : | |
| CHESTER COUNTY PRISON and | : | |
| PRIMECARE MEDICAL, INC., | : | |
| | : | |
| Defendants. | : | |

## **STIPULATION OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned, that:

1. As used herein, the following words are defined as follows:

    (a) "this case" or "this litigation" shall mean the civil action captioned, *Taylor Pettit, et al. v. Chester County Prison, et al.*, in the Court of Common Pleas for the Chester County, PA; Docket No. 2023-04586TT;

    (b) "Plaintiffs" shall mean Plaintiff, Taylor Pettit, both Individually and as the Administrator of the Estate of Kenneth Pettit; "Chester County Defendants" shall mean Chester County and Chester County Prison; "PrimeCare Defendants" shall mean PrimeCare Medical, Inc.; and each a "Party" and collectively referred to as the "Parties."

    (c) "this Court" or "Court" means the Court of Common Pleas for the County of Chester, PA; and

    (d) "disclosed," "furnished" or "submitted" means, without limitation, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

2. Chester County Defendants shall not produce any records/documents reflecting information relating to Chester County Employees' family members, telephone numbers, financial records/institutions, medical/health information (unless in any way related to a Defendant's fitness

to perform job duties), insurance information and home addresses of any Chester County Employees.

      3.      Chester County Defendants will produce all responsive records, reports, and relevant policies and procedures ("Policies and Procedures") subject to the following conditions:

      (a)      Chester County Defendants, as applicable, shall not be required to produce information unrelated to the Writ of Summons;

      (b)      Chester County Defendants shall not redact information from such files including any information that is publicly available, any information that would be subject to disclosure under Pennsylvania's Right to Know Law, incident numbers, the names and identifying information (other than Social Security numbers, dates of birth and driver's license numbers, etc.) for employees, including such employees who are witnesses or sources in any internal investigation, however, the home addresses, emails, telephone numbers, etc., of any such employee witnesses shall be subject to the same provisions set out above with respect to the addresses, telephone numbers, etc. of the named individual Chester Defendants, and subject to any restrictions required by any federal or state statute, code, regulation, etc.;

      (c)      Counsel for the Parties shall not disclose any previously/currently produced reports, videos, and/or photographs, nor Policies and Procedures to any person other than the Parties or consultants engaged by them for the purposes of this litigation, and any such consultants must be made aware of this Stipulation and agree not to disclose or use such documents for any purpose other than this litigation before such documents may be disclosed to them;

      (d)      such documents shall not be disclosed to any person other than the Parties or consultants engaged by them for the purposes of this litigation, and any such consultants must

be made aware of this Stipulation and agree not to disclose or use such documents for any purpose other than this litigation before such documents may be disclosed to them;

   (e) at the conclusion of the litigation, all parties to whom counsel have disclosed such documents shall be required to return them to counsel;

   (f) at the close of the litigation, counsel for the Parties shall destroy all such documents and shall certify to Chester County Defendants' counsel, as applicable, in writing that all such documents have been destroyed.

   4. All documents that may compromise the safety, security, business relationships or any employees of Chester County ("Safety-Related Documents") to be later identified by Chester Defendants, including but not limited to, sensitive information that may appear in Chester Defendants' Personnel Files, Policies and Procedures, and/or reports which are/were disclosed, furnished or submitted, either voluntarily or pursuant to Court order, by or on behalf of any Party to any other Party in this litigation, whether or not designated confidential, shall be used solely in connection with pretrial proceedings, preparation for trial, trial, or other proceedings in this litigation.

   5. Chester County Defendants shall mark such Safety-Related Documents, Personnel Files, Policies and Procedures and/or other documents as "CONFIDENTIAL," as applicable, at the time of production. Documents marked as such shall be used only for the purposes of this litigation, and not be disclosed to any person other than:

   (a) Counsel for the Parties in this case;

   (b) Necessary secretarial and clerical personnel assisting counsel for the Parties in this case;

        (c)        Qualified persons taking testimony involving such documents, and necessary stenographic and clerical personnel thereof;

        (d)        Individuals retained in this case as experts and their staff;

        (e)        The Parties and those officers, directors, partners and managing agents of a Party who are charged with controlling this action on behalf of that party;

        (f)        Witnesses at deposition or trial; and

        (g)        The Court, officers of the Court, and any other personnel authorized by the Court.

6.        When any Policies and Procedures, and/or Safety-Related Document is included in any authorized transcript of a deposition or the exhibits thereto, arrangements shall be made by the Party noticing the deposition with the court reporter taking the deposition to bind that portion of the transcript and label it "CONFIDENTIAL."

7.        If during pretrial proceedings any Party wishes to file a document marked "CONFIDENTIAL" with the Court, that Party shall file the document under seal (and/or seek leave to do so if leave of Court is required).  This Stipulation does not apply to the use at trial of documents marked "CONFIDENTIAL," which may be the subject of a separate agreement among the Parties at or about the time of the pre-trial conference.

8.        The inadvertent disclosure of confidential information by any party shall not be construed as a waiver of confidentiality.

9.        In the event of a non-inadvertent disclosure of information marked as "CONFIDENTIAL," the Party who caused the non-inadvertent disclosure will be subject to a penalty and/or sanctions to be determined by the Court upon Motion of the Party who did not cause the non-inadvertent disclosure.

10. The designation of "CONFIDENTIAL" shall be applied as narrowly as practicable and, where possible, shall be limited to a portion of a document or other tangible thing rather than the entire document or other tangible thing.

11. The parties hereto reserve the right to apply to the Court for an order seeking further protection against discovery or other use of confidential documents and/or an order seeking to compel the production of discovery that is/was deemed confidential by any other party.

12. Counsel for the Parties, at any time, may request that Chester County Defendants withdraw, as applicable, the designation of "CONFIDENTIAL" with respect to any information, document and/or other tangible thing asserted by Chester County Defendants to be confidential. Such request shall be made in writing to counsel for Defendants and shall particularly identify the designated confidential materials that the Party maintains should not be designated as such and shall set forth the reasons supporting the contentions as to why the information, document and/or other tangible thing in question should not be as designated by Chester County Defendants. If Chester County Defendants do not agree to withdraw the contested designation with respect to the information, document and/or other tangible thing in question, they may thereupon move the Court for entry of an Order maintaining the confidentiality of the information, document and/or other tangible thing in question. If the Chester County Defendants do not move for such an order within ten days of such withdrawal request the information, document, and/or other tangible things shall no longer be treated as "CONFIDENTIAL".

13. In the event the Parties are requested or become legally compelled to disclose any confidential materials, whether through subpoena or other similar process, counsel for the Parties

will provide counsel for Chester County Defendants with prompt notice (unless such notice is itself prohibited by law) so that Chester County Defendants may seek a protective order or other appropriate remedy.

Respectfully submitted,

**Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.**

Date: August 28, 2023      By:   */s/ Todd Schoenhaus*
                                                                                Nancy J. Winkler, Esquire
                                                                                Todd Schoenhaus, Esquire
                                                                                1634 Spruce Street
                                                                                Philadelphia, PA 19103
                                                                                *Attorneys for Plaintiff*

**Marshall Dennehey Warner Coleman & Goggin**

Date:  8/28/23      By:   /s/ John R. Ninosky
                                                                              John R. Ninosky, Esquire
                                                                              100 Corporate Center Drive
                                                                              Suite 201
                                                                               Camp Hill, PA 17011
                                                                               *Attorney for PrimeCare Defendants*

**MacMain Leinhauser PC**

Date: August 31, 2023      By:   */s/ David J. MacMain*
                                                                              David J. MacMain, Esquire
                                                                              Matthew R. Estberg, Esquire
                                                                              433 W. Market Street, Suite 200
                                                                              West Chester, PA 19382
                                                                              *Attorney for Chester County Defendants*

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAYLOR PETTIT, Individually and as Administrator of the ESTATE OF KENNETH PETTIT, <br> Plaintiff <br><br> v. <br><br> CHESTER COUNTY; CORRECTIONAL OFFICER S. PATE; CORRECTIONAL OFFICER D. ROBERTS; CORRECTIONAL OFFICER T. ROST; LIEUTENANT KENNETH L. BOYD; CORRECTIONAL OFFICERS JOHN/JANE DOES (1-10); PRIMECARE MEDICAL, INC.; MABEL MOIYALLA, MA; KIMBERLY MCGEE, LPN; and MEDICAL PROVIDERS JOHN/ JANE DOES (1-10), <br> Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | NO.: 2:23-cv-03884 <br><br> CIVIL ACTION – LAW <br><br> HONORABLE MITCHELL S. GOLDBERG <br><br><br><br><br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

**CONFIDENTIALITY AGREEMENT**

Plaintiff Taylor Pettit, as Administrator of the Estate of Kenneth Pettit, has requested that Defendant PrimeCare Medical, Inc. produce documents used in answering discovery requests which PrimeCare contends are proprietary in nature (hereinafter referred to as "Proprietary Documents"). The Proprietary Documents contain confidential and proprietary information, the disclosure of which would cause harm to PrimeCare Medical, Inc. Though Plaintiff reserves the right to challenge PrimeCare's designations, the parties wish to protect against the disclosure and dissemination of such confidential information to unauthorized third parties, current or former inmates or to the public at large.

THEREFORE, the parties agree that the following provisions will govern the handling of the Proprietary Documents throughout the proceedings in this action including discovery, mediation, hearings, and any appeal.

1. Each page of the Proprietary Documents will be marked "Confidential."

2. The Proprietary Documents or any part of them may be used only in connection with this action, and not for any other purpose. Likewise, the information contained in the Proprietary Documents shall be preserved and not disclosed. Further, neither the Proprietary

Documents nor any information contained in the Proprietary Documents may be disclosed to anyone except as provided in this Confidentiality Agreement.

3. The Proprietary Documents and any copies or excerpts of it may be made available only to the following:

> a. Counsel of record for the receiving party engaged in the proceedings related to this action and their employees;
>
> b. Counsel of record for all parties;
>
> c. The Court in this proceeding, including all of its legal and clerical personnel, or any judicial body before which this action is subsequently pending;
>
> d. Experts or consultants retained to assist in this litigation;
>
> e. Representatives of the parties to this action who are actively involved in assisting counsel and who agree, by signing an acknowledgment as provided for in the following section of this order, to use the information solely for the purposes of this action; and
>
> f. Any other persons mutually agreed to in writing by the parties and who agree to use the information solely for the purpose of this action.

4. Each person falling within categories 3d, 3e and 3f. to whom the Proprietary Documents are given, shown, made available or communicated by an adverse party must first be provided with a copy of this Confidentiality Agreement for review, and must sign an Agreement, attached to this Confidentiality Agreement as **Exhibit A,** not to disclose or to use such information except in accordance with the terms of this Confidentiality Agreement. Counsel of record for each party shall maintain a file of all respective agreements signed by persons who have received or reviewed the Proprietary Documents. This file shall, upon reasonable request, be available for inspection by counsel of record for the other parties to this Confidentiality Agreement.

5. Before disclosure is made to persons in categories 3f, counsel for the party to which the Proprietary Documents are produced must provide at least five days notice to the other parties to this Confidentiality Agreement of its intent to disclose before disclosing the Proprietary Documents or their contents.

6.	The use of the Proprietary Documents at a hearing shall be subject to such an Order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved after due notice and the opportunity to be heard has been given to the producing party.

7.	Within 30 days of the final disposition of this action, counsel for the parties shall return or destroy the Proprietary Documents and all copies of them.

8.	This Confidentiality Agreement may be modified only by Court Order or by written agreement of the parties.

IN WITNESS WHEREOF, the parties by their undersigned counsel have executed this Confidentiality Agreement as of July ___, 2024.

<u>Confidentiality Agreement re: Proprietary Documents of PrimeCare Medical, Inc.</u>

Taylor Pettit (Estate of Kenneth Pettit) v. Chester County, et al.
In the US District Court for the Eastern District of Pennsylvania
No. 2:23-cv-03884

Date:  July 10, 2024			By:__/s/ John R. Ninosky_____
						John R. Ninosky, Esquire
						Marshall Dennehey, P.C.
						200 Corporate Center Drive, Suite 300
						Camp Hill, PA  17011

Confidentiality Agreement re: Proprietary Documents of PrimeCare Medical, Inc.

Taylor Pettit (Estate of Kenneth Pettit) v. Chester County, et al.
In the US District Court for the Eastern District of Pennsylvania
No. 2:23-cv-03884

Date:_____			By:_____
					Todd A. Schoenhaus, Esquire
					Nancy J. Winkler, Esquire
					Stephan A. Cornell, Esquire
					Eisenberg, Rothweiler, Winkler,
					    Eisenberg & Jeck, P.C.
					1634 Spruce Street
					Philadelphia, PA 19103
					todd@erlegal.com
					nancy@erlegal.com
					stephan@erlegal.com
					*Attorneys for Plaintiff*

<u>Confidentiality Agreement re: Proprietary Documents of PrimeCare Medical, Inc.</u>

Taylor Pettit (Estate of Kenneth Pettit) v. Chester County, et al.
In the US District Court for the Eastern District of Pennsylvania
No. 2:23-cv-03884

Date: _____                          By:_____
                                       David J. MacMain, Esquire
                                       Matthew R Estberg, Esquire
                                       MacMain Leinhauser PC
                                       433 W. Market Street, Suite 200
                                       West Chester, PA 19382
                                       dmacmain@macmainlaw.com
                                       mestberg@macmainlaw.com
                                       *Attorneys for Lieutenant Kenneth L. Boyd, Chester County, Correctional Officer S. Pate, Correctional Officer T. Rost*

# EXHIBIT A

### AGREEMENT

I hereby acknowledge that I will be given access to Proprietary Documents so designated in this case, and I understand that such information is subject to a Confidentiality Agreement between Plaintiff and counsel for the parties, and that I further acknowledge:

1. I have read the Confidentiality Agreement;
2. I have been advised by counsel in this case that my access to the Proprietary Documents is conditioned upon my agreement to be bound by the Confidentiality Agreement; and
3. I hereby agree to be legally bound by the terms of the Confidentiality Agreement and any Order of Court issued incidental to it.

_____
Signature

_____
Name

_____

_____
Address

Role in this case _____

_____

_____
Dated