**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

TAYLOR PETTIT, Individually and as          :
Administrator of the ESTATE OF              :          Docket No.:  2:23 cv 03884
KENNETH PETTIT,                             :
                          Plaintiffs,       :          JURY TRIAL DEMANDED
                                            :
              v.                            :
CHESTER COUNTY, ET AL.,                     :
                          Defendants        :
_____  :

**[PROPOSED] ORDER APPROVING**
**SETTLEMENT AND DISTRIBUTION**

AND NOW, upon consideration of the Petition for Approval of Settlement and Distribution

of Wrongful Death and Survival Actions pursuant to Pa. R.C.P. 2206 and 20 Pa. C.S. § 3323(a), it

is hereby ORDERED that the proposed settlement is APPROVED.  It is further ORDERED that

settlement proceeds in the amount of $700,000.00 Dollars shall be distributed as follows:

|   |   |   |   |
|---|---|---|---|
| A. | To: | Eisenberg, Rothweiler Winkler, Eisenberg & Jeck, P.C. Reimbursement of Costs | $67,374.66 |
| B. | To: | Eisenberg, Rothweiler Winkler, Eisenberg & Jeck, P.C. Counsel Fees 40% | $280,000.00 |

C.    WRONGFUL DEATH CLAIM (75% of net $352,625.34)
(Pursuant to 42 Pa. C.S.A. §8301) – $264,469.00

|   |   |   |   |
|---|---|---|---|
|   | To: | Taylor Pettit (daughter) | $132,234.50 |
|   |     | Kiley Igler (daughter)   | $132,234.50 |

D.    SURVIVAL CLAIM  (25% of net $352,625.34)
(Pursuant to 42 Pa. C.S.A. §8302) – $88,156.34

To:    Taylor Pettit, Administrator of the
        Estate of Kenneth Pettit          $88,156.34

BY THE COURT:

_____
HONORABLE GERALD J. PAPPERT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

TAYLOR PETTIT, Individually and as          :
Administrator of the ESTATE OF               :          Docket No.:  2:23 cv 03884
KENNETH PETTIT,                              :
                    Plaintiffs,          :          JURY TRIAL DEMANDED
                                              :
                    v.                    :
CHESTER COUNTY, ET AL.,                     :
                    Defendants          :
_____     :

**PETITION FOR APPROVAL OF SETTLEMENT AND**
**DISTRIBUTION OF WRONGFUL DEATH AND SURVIVAL ACTIONS**

TO THE HONORABLE GERALD J. PAPPERT:

Pursuant to Pa. R.C.P. 2206(b)(1), the Petition of Taylor Pettit, both individually and as the

Administrator of the Estate of Kenneth Pettit, deceased ("Plaintiff's Decedent"), by her attorneys,

respectfully requests:

       1.       Petitioner seeks approval of the settlement and distribution proceeds from Full and

Final Release ("Confidential Settlement Agreement") reached with certain Defendants prior to trial

of this civil rights, medical malpractice, wrongful death, and survival action.  A true and correct

copy of the Confidential Settlement Agreement is attached hereto as Exhibit "A".

       2.       All parties to the settlement have reviewed the instant Petition and proposed Order

and have no objection.  *See* Declaration of Todd A. Schoenhaus, Esquire, attached as Exhibit "B"

attesting that the proposed Order and Petition have been disclosed to all parties and are

uncontested.

       3.       Plaintiff's Decedent had no wife, or will, and was survived by only his children,

Taylor Pettit and Kiley Igler.  There are no other wrongful death beneficiaries.

4.      Petitioner, the eldest daughter of Plaintiff's Decedent, was granted Letters of

Administration by the Register of Wills of Chester County, Pennsylvania, on October 21, 2021.  A

true and correct copy of the Short Certificate is attached as Exhibit "C."

5.      This action was brought by Petitioner on behalf of the Estate of Kenneth John Pettit

(d/o/b: August 12, 1976).  Plaintiff's Decedent died on October 6, 2021, by hanging himself at

Chester County Prison ("CCP") at the age of 45.

6.      By way of background, Plaintiff's Decedent was initially detained at CCP in April

2021, at which time he was placed on suicide watch following a documented suicide attempt. He

was noted to be suffering from substance abuse and serious mental illness and acknowledged the

suicide of a family member.  Upon being detained at CCP less than 6 months later, medical assistant

Mabel Moiyallah performed an intake, approved by LPN Kimberly McGee, which did not note

the aforementioned suicide risk factors.  Accordingly, Plaintiff's Decedent was placed in a general

population cell without being provided any mental health treatment.  After making a series of

telephone calls expressing suicidal ideation, on October 6, 2021, he tied a bedsheet to his bed

frame and hung himself.  He was found by CCP correctional officers but could not be resuscitated

and was pronounced at the scene.

7.      Petitioner filed a Praecipe to Issue Writ of Summons in the Chester County Court

of Common Pleas on June 29, 2023, and then pursued substantial pre-Complaint discovery.

Ultimately, Petitioner commenced this action in this Court on October 5, 2023, by filing a 103

paragraph Complaint against Chester County ("the County") and PrimeCare Medical, Inc.

("PrimeCare"), along with numerous employees of both.  The Complaint asserted claims for

Wrongful Death and Survival against all Defendants based upon Fourteenth Amendment

2

violations, a *Monell* claim (pattern and practice/failure to train) against the County and PrimeCare, and a medical negligence claim against PrimeCare and its employees, Moiyallah and McGee.

8.     Investigation, preparation, and litigation of this case was intensive and extensive, involving three attorneys, a paralegal, and support staff.

9.     Petitioner's counsel retained and consulted with well-qualified experts in the fields of psychiatry, nursing, jail operations, and forensic pathology.

10.     Throughout the litigation, Defendants strongly contested all elements of Petitioner's claims.   In addition to extensive paper discovery, Petitioner's counsel took 11 depositions.

11.     Both the County Defendants and the PrimeCare Defendants filed motions for summary judgment.  Petitioner opposed both motions, filing a number of opposition briefs and sur-reply briefs.  The motions were extensively argued on December 19, 2025, and a follow-up telephone conference was conducted on December 22nd.

12.     In accordance with guidance provided by the Honorable Gerald J. Pappert, Petitioner reached an agreement with all parties on or about January 14, 2026.  Pursuant to the agreement, Petitioner filed stipulations to dismiss all claims against the County Defendants as well as Defendants Moiyallah and McGee and also signed a Full and Final Release in exchange for a settlement payment of $700,000.00 from PrimeCare.  *See* Ex. A.

13.     Besides Petitioner, the only other intestate heir of Plaintiff's Decedent is her sister Kiley Igler, who is being served a copy of this Petition at 118 Locust Lane, Exton, PA 19341.

14.     The Pennsylvania Department of Human Services ("DHS") has been notified of this settlement and its confirmation of the non-existence of a lien is anticipated in short order.  *See* January 15, 2026 letter to DHS (Exhibit D), the response to which Petitioner can file upon receipt.

15.    The Centers for Medicaid and Medicare Services ("CMS") does not have a lien against Plaintiff's Decedent's estate.  *See* CMS letter of February 3, 2026, attached as Exhibit "E."

16.    Petitioner's counsel is of the professional opinion that the settlement is fair and reasonable.  Plaintiff's Decedent had a history of suicidal ideations and attempts, was incarcerated multiple times, divorced, and lacked a notable work history and higher education.  Petitioner, too, believes that the proposed settlement and distribution of wrongful death and survival action proceeds, including attorneys' fees and reimbursement of costs set forth herein, is fair and reasonable.  *See* Petitioner's Declaration, attached as Exhibit "F."

17.    The undersigned have incurred expenses in connection with the prosecution of this contested matter and for which they seek reimbursement.  These itemized expenses total $67,374.66, which includes costs for investigation, court filings, medical records, depositions, and expert witnesses.  *See* itemized list of expenses, attached as Exhibit "G."

18.    Counsel also requests fees in the amount of $280,000.00 representing a 40% contingent fee to which Petitioner agreed at the start of the representation.  *See* Contingent Fee Agreement, attached as Exhibit "H."  In addition to Petitioner's agreement with this fee as reflected in her attached Declaration, the requested fee is reasonable in light of the extensive preparation necessary to secure a resolution of this case, from initial investigation, through comprehensive legal research, pleadings, voluminous discovery, depositions, expert consultation and reporting, motion practice, preparation for and attendance at oral argument, and settlement negotiations.  The sole wrongful death beneficiaries, moreover, are the non-minor children of Plaintiff's Decedent.

19.    Under Pennsylvania law, two separate actions exist that allow for recovery for conduct which causes the death of another.  "The two actions allow two separate and distinct recoveries.  An action for wrongful death compensates losses sustained by living individuals as a

result of the decedent's death. A survival action, on the other hand, is brought by the decedent's

personal representative seeking to recover those damages the decedent could have recovered had

he or she survived; any recovery passes through the decedent's estate." *Huda v. Kirk*, 551 A.2d

637, 638–39 (Pa. Cmwlth. 1988) (internal citations omitted).

20.     The survival action is codified at 42 Pa. C.S.A. § 8302 ("Survival Act"). The

Survival Act allows all causes of action, real or personal, to survive the death of the deceased. 42

Pa. C.S.A. § 8302. Damages in an action brought under the Survival Act include pre-death pain

and suffering and loss of earnings.

21.     The proceeds of an action under the Survival Act are an asset of the estate of the

decedent. *Huda*, 551 A.2d at 639. Unlike the proceeds under the Wrongful Death Act, therefore,

the distribution of proceeds under the Survival Act go through to the estate of the decedent. Thus,

when the decedent did not have a will, distribution is made pursuant to Pennsylvania's intestacy

statute, 20 Pa.C.S. § 2103, *et. seq.*

22.     Under Pennsylvania law, specifically 42 Pa.C.S.A. § 8301 ("Wrongful Death Act"),

certain enumerated relatives may be compensated for the loss of a loved one. The purpose of the

Wrongful Death Act is to compensate these relatives of the deceased for the pecuniary loss

occasioned to them through the death of the decedent. *Hodge v. Loveland*, 690 A.2d 243, 245–46

(Pa. Super. 1997).

23.     Damages under the Wrongful Death Act include funeral expenses, medical

expenses, economic (services and contributions) and emotional loss (loss of comfort and society).

42 Pa. C.S.A. § 8301.

24.     Petitioner and her counsel believe that apportionment of the settlement into 75%

wrongful death damages and 25% survival damages is fair and reasonable. Petitioner suffered a

profound and devastating loss upon the death of her father, with whom she was very close. Petitioner testified: "It's been a lot.  My dad was always my best friend…So not having him to lean on and talk to has been hard."  She still tries to communicate with him and routinely touches an urn with his ashes to "let him know I'm thinking about him."  Plaintiff's Decedent also had "a lot of love" for Taylor's sister, who got married without her dad around to walk her down the aisle. In fact, on the day he got arrested, October 1, 2021, he texted Petitioner "Taylor I love you both very much kid".

25.     Whereas wrongful death damages for the lost love, companionship, guidance, and support that Plaintiff's Decedent would have provided his daughters during his lifetime are significant, survival damages were very limited.  Not only had he lost consciousness within minutes if not sooner of hanging himself, but his lost earnings were so speculative given his work and educational background that Petitioner was not seeking lost earnings damages at trial.

26.     A copy of this Petition was forwarded to the Pennsylvania Department of Revenue, which then approved the breakdown between wrongful death and survival of 75% wrongful death and 25% survival.  *See* Pennsylvania Department of Revenue February 23, 2026 approval letter, attached as Exhibit "I".

27.     Therefore, Petitioner requests allocation of the net proceeds of the settlement, after deduction of costs and attorneys' fees, as follows:

| | | | | |
|---|---|---|---|---|
| A. | To: | Eisenberg, Rothweiler Winkler, Eisenberg & Jeck, P.C. Reimbursement of Costs | | $67,374.66 |
| B. | To: | Eisenberg, Rothweiler Winkler, Eisenberg & Jeck, P.C. Counsel Fees 40% | | $280,000.00 |

C.  WRONGFUL DEATH CLAIM (75% of net $352,625.34
(Pursuant to 42 Pa. C.S.A. §8301) – $264,469.00

      To:    Taylor Pettit (daughter)               $132,234.50
             Kiley Igler (daughter)                $132,234.50


D.  SURVIVAL CLAIM  (25% of net $352,625.34)
(Pursuant to 42 Pa. C.S.A. §8302) – $88,156.34

      To:    Taylor Pettit, Administrator of the
             Estate of Kenneth Pettit            $88,156.34


WHEREFORE, Petitioner requests that this Honorable Court enter the attached proposed Order.


            Respectfully submitted,

            Eisenberg, Rothweiler
            Winkler, Eisenberg & Jeck, P.C.


            BY:    s/ Todd A. Schoenhaus
                    Nancy J. Winkler, Esquire
                    Todd A. Schoenhaus, Esquire
                    Jordan Schlossberg, Esquire
                    Attorneys for Plaintiff

Date:   February 24, 2026

7

## <u>CERTIFICATE OF SERVICE</u>

I, Todd A. Schoenhaus, attorney for Plaintiff, hereby certify and state a true and correct copy of the foregoing Petition for Approval and Distribution of Wrongful Death and Survival Actions was sent via electronic filing to all counsel of record.

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.

By:    *s/Todd A. Schoenhaus*
       Nancy J. Winkler, Esquire
       Todd A. Schoenhaus, Esquire
       Jordan Schlossberg, Esquire
       Attorneys for Plaintiff

DATE: February 24, 2026